KRUEGER • WONG
Trial Attorneys

JAMES KRUEGER, ESQ.        492
CYNTHIA K. WONG, ESQ.      6053
2065 Main Street, Suite 102
Wailuku, Maui, Hawaii 96793
Tel: 244-7444 (Maui)
     536-7474 (Honolulu)
     244-4177 (Facsimile)

Attorneys for Plaintiff
#14-12 JK:dj:tds

FILED
2016 APR 12  AM 9:57

N. MARTINS, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| JENNIFER BARGLOWSKI, | ) | CIVIL NO. 16-1-0155(1) |
| | ) | (Non-Motor Vehicle) |
| Plaintiff, | ) | |
| | ) | FIRST AMENDED COMPLAINT; |
| vs. | ) | SUMMONS |
| | ) | |
| NEALCO INTERNATIONAL LLC, | ) | |
| a company dba SCUBA SHACK, | ) | |
| CHARLES C. NEAL, individually, | ) | |
| JEFFREY BARTUNEK, | ) | |
| individually, | ) | |
| MOLOKINI DIVERS, INC., | ) | |
| a corporation or other | ) | |
| business entity, | ) | |
| JOHN DOES 1-5, | ) | |
| JOHN DOE CORPORATIONS 1-5, | ) | |
| JOHN DOE PARTNERSHIPS 1-5, | ) | |
| ROE NON-PROFIT CORPORATIONS | ) | |
| 1-5, and ROE GOVERNMENTAL | ) | |
| AGENCIES 1-5, | ) | |
| Defendants. | ) | |
| _____ | ) | |

FIRST AMENDED COMPLAINT

**EXHIBIT A**                    N:BARGLOWSKI\AMD COMPLAINT

1.   At all times relevant herein, plaintiff JENNIFER BARGLOWSKI was a citizen and resident of Colorado.

2.   At all times relevant herein, defendant CHARLES C. NEAL, hereinafter, NEAL, was a citizen and resident of Hawaii.

3.   At all times relevant herein, defendant MOLOKINI DIVERS, INC. hereinafter, MDI, was a corporation or other business entity duly organized and/or existing under the law of Hawaii, having its principal place of business in the County of Maui, Hawaii.

4.   Defendants NEALCO, and/or SCUBA SHACK, hereinafter, SHACK, was/were business company/ies or entity/ies duly organized and existing under the law of Hawaii, having its/their principal place(s) of business in the County of Maui, Hawaii.

5.   At all times relevant herein, JEFFREY BARTUNEK, hereinafter, BARTUNEK, was a citizen and resident of Oregon.

6.   At all times relevant herein, defendants, and/or any of them, owned a vessel, known as the M/V Double Scoop, O.V.. 1209721, hereinafter, vessel, which vessel was operated, manned, equipped and controlled by defendants, and/or any of them.

7.   At all times relevant herein, NEAL was the captain, or person in charge and master of, the vessel, and an employee of SHACK, whose conduct occurred while he was in the course and scope of his employment with defendants,

N:BARGLOWSKI\AMD COMPLAINT

and/or any of them, which entity, or entities, is/are liable and responsible therefore.

8.   At all times relevant herein, BARTUNEK was a PADI-certified dive instructor, not an employee of any other defendant, or defendants, nor employed aboard the vessel, but was an independent contractor with or to any other defendant or defendants, acting in such capacity, with or aboard the vessel and who, among defendants, or any of them, supervised, cared for, monitored, and controlled the activities of plaintiff.

9.   Defendants, and/or any of them, at all times relevant herein, did business within the County of Maui, Hawaii aforesaid, by engaging in, among other things, the provision of snorkel and scuba diving tours, to the public, for hire, together with personnel necessary to implement such activities, in and around ocean waters offshore and adjacent to the island of Maui, Hawaii, including those surrounding Molokini crater.

10.   Plaintiff has diligently and in good faith attempted to ascertain names, identities, and possible defendants whose identities are presently unknown to plaintiff. Despite the foregoing, the identities of other defendants, whose conduct may have been a legal cause of plaintiff's injuries and damages, remain unknown to plaintiff.

11.   Plaintiff alleges, on information and belief, that, directly or indirectly, conduct of the

N:BARGLOWSKI\AMD COMPLAINT

unidentified defendants, presently unknown to plaintiff, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiff as a result of which all defendants, unidentified and identified, may be legally, jointly and severally, liable to plaintiff for her injuries and losses sustained, inasmuch as the conduct of each defendant may have coincided with and/or concurred with that of each and every other defendant, named or unnamed.

12. This Court has jurisdiction over the parties herein and the subject matter of this proceeding.

13. Venue of this proceeding is properly with this court.

14. On July 20, 2014, NEAL, and such other personnel similarly employed by SHACK, acting in the course and scope of their employment with SHACK, and such other defendants, or any of them as here so situated, were licensed, authorized, trained, certified, and/or expert snorkel instructors, or dive masters, knowledgeable about then current safety practices and customs relating to conducting offshore snorkel and dive tours.

15. At all times relevant herein, defendants, and/or any of them, knew or should have known that their snorkel and dive tour patrons, including plaintiff, were inexperienced snorkelers and divers, not expert in the then existing offshore ocean conditions, or procedures required

under the circumstances presenting, during the snorkel and dive tour mentioned before.

16.   On July 20, 2014, defendants, and/or any of them, for valuable consideration, provided plaintiff, and other patrons, snorkel and diving tour activity, direction, and guidance at or in ocean waters offshore and adjacent to the island of Molokini, aforesaid.

17.   During the aforesaid snorkel and dive tour, defendants, and/or any of them, were responsible for the safety of their patrons, including plaintiff.

18.   During the aforesaid snorkel and dive tour, defendants, and/or any of them, were responsible for the safety of their patrons, and failed to fulfill that responsibility.

19.   Before embarking upon, and during, the aforesaid snorkel and dive tour, defendants, and/or any of them, failed to adequately monitor then foreseeable and/or existing weather and ocean conditions, and/or recklessly disregarded said foreseeable and actual weather and ocean conditions, which conditions exposed their patrons, including plaintiff, to an unreasonable risk of harm, about which plaintiff was uninformed and unwarned.

20.   During the aforesaid snorkel and dive tour, defendants, and/or any of them, failed to adequately monitor their patrons, including plaintiff, in the ocean waters surrounding Molokini.

N:BARGLOWSKI\AMD COMPLAINT

21.   The conduct of defendants, and/or any of them, mentioned above, failed to adhere to, and/or was inconsistent with, applicable standards of care, training, custom and procedure, required by the presenting circumstances, thereby breaching the standards of care required by the circumstances presenting, as well as rules and guidelines promulgated by, among others, the U.S. Coast Guard, DLNR Division of Boating and Ocean Recreation, Title 13 of the Hawaii Administrative Rules, and plaintiff's expectancies concerning defendants' expertise, skill and reputation, and/or that of any of them.

22.   On July 20, 2014, plaintiff, relying upon the apparent expertise, training, and reputation, advertised and represented by defendants, and/or any of them, to have possessed, accompanied defendants, and/or any of them, on a snorkel and diving tour in ocean waters surrounding and adjacent to the island of Molokini.

23.   On July 20, 2014, the obligations described in HRS §663-1.54 were applicable to defendants, and/or any of them, and owed to plaintiff, which obligations were breached by defendants.

24.   The conduct of defendants, and/or any of them, mentioned above, was negligent and a legal cause of injuries, damages, and losses sustained by plaintiff.

25.   The conduct of defendants, or that of any of them, mentioned above, constituted a reckless disregard of the rights of plaintiff, was willful, intentional, and

N:BARGLOWSKI\AMD COMPLAINT

indicative of a conscious disregard for the rights of plaintiff such that defendants, or any of them, were grossly negligent, so that defendants is/are subject to the imposition of punitive damages.

26.  As a legal result of the foregoing, on July 20, 2014, during the aforesaid snorkel and dive tour, plaintiff suffered severe and permanent physical injury and suffering, mental distress and impairment, psychological damage, loss of wage, impairment of earning capacity, diminution of enjoyment of life's activities, expenses incurred for treatment of injuries, together with other damages as shall be proved at time of trial.

WHEREFORE, upon a hearing hereof, plaintiff asks that judgment be entered in her favor and against defendants, and/or any of them, for damages alleged above, together with costs of suit, attorney's fees, prejudgment and post-judgment interest, and such other and further relief as to which she shall be entitled pursuant to Rule 54 of the Hawaii Rules of Civil Procedure.

DATED at Wailuku, Maui, Hawaii _____.

_____
JAMES KRUEGER, ESQ.
CYNTHIA K. WONG, ESQ.
Attorneys for Plaintiffs

N:BARGLOWSKI\AMD COMPLAINT

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| JENNIFER BARGLOWSKI, | ) | CIVIL NO. _____ |
| | ) | (Non-Motor Vehicle) |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| NEALCO INTERNATIONAL LLC, | ) | |
| a company dba SCUBA SHACK, | ) | |
| CHARLES C. NEAL, individually, | ) | |
| JEFFERY BARTUNEK, | ) | |
| individually, | ) | |
| MOLOKINI DIVERS, INC., | ) | |
| a corporation or other | ) | |
| business entity, | ) | |
| JOHN DOES 1-5, | ) | |
| JOHN DOE CORPORATIONS 1-5, | ) | |
| JOHN DOE PARTNERSHIPS 1-5, | ) | |
| ROE NON-PROFIT CORPORATIONS | ) | |
| 1-5, and ROE GOVERNMENTAL | ) | |
| AGENCIES 1-5, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## SUMMONS

TO THE DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with
the court and serve upon KRUEGER • WONG, TRIAL ATTORNEYS,
plaintiffs' attorneys, whose address is 2065 Main Street,
Suite 102, Wailuku, Maui, Hawaii 96793, an answer to the
first amended complaint which is herewith served upon you,
within twenty (20) days after service of this summons upon
you, exclusive of the day of service.  If you fail to make
your answer within the twenty day time limit, judgment by

- 1 -

N:BARGLOWSKI\AMD COMPLAINT

default will be taken against you for the relief demanded in the first amended complaint.

If you fail to obey this summons this may result in an entry of default and default judgment.

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this summons shall not be delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the District or Circuit courts permits, in writing on the summons, personal delivery during those hours.

DATED at Wailuku, Maui, Hawaii   APR 1 2 2016   .

/sgd/ N. MARTINS (seal)

CLERK OF THE ABOVE-ENTITLED COURT

- 1 -

N:BARGLOWSKI\AMD COMPLAINT