IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JENNIFER BARGLOWSKI,           )     CIVIL 16-00209 LEK-KSC
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
NEALCO INTERNATIONAL LLC, a    )
company dba SCUBA SHACK, ET    )
AL.,                           )
                               )
          Defendants.          )
_____)

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S 28 U.S.C. 1447(C) VERIFIED MOTION
TO REMAND TO SECOND CIRCUIT COURT, STATE OF HAWAII**

Before the Court is Plaintiff Jennifer Barglowski's

("Plaintiff") 28 U.S.C. 1447(c) Verified Motion to Remand to

Second Circuit Court, State of Hawaii ("Motion"), filed on

May 31, 2016.  [Dkt. no. 14.]  Defendant Jeffery Bartunek

("Bartunek") filed a memorandum in opposition on July 7, 2016,

and Defendants Nealco International LLC doing business as Scuba

Shack ("Scuba Shack"), Charles C. Neal ("Neal"), and Molokini

Divers, Inc. ("Molokini") filed a joinder to Bartunek's (all

collectively "Defendants") memorandum in opposition the same day

("Joinder").  [Dkt. nos. 22, 23.]  Plaintiff filed a reply on

July 13, 2016.  [Dkt. no. 24.]  This matter came on for hearing

on August 1, 2016.  After careful consideration of the Motion,

supporting and opposing memoranda, and the arguments of counsel,

Plaintiff's Motion is HEREBY GRANTED IN PART AND DENIED IN PART

for the reasons set forth below.

**BACKGROUND**

Plaintiff filed her First Amended Complaint in the Circuit Court of the Second Circuit, State of Hawai`i, on April 12, 2016, and Bartunek removed the instant case to this district court on May 2, 2016. [Notice of Removal, filed 5/2/16 (dkt. no. 1), Exh. A (First Amended Complaint).]

The First Amended Complaint states that, on July 20, 2015, Defendants took Plaintiff and others on a snorkel and dive tour to Molokini Island, off the coast of Maui. [First Amended Complaint at ¶¶ 16-17.] Plaintiff alleges that Defendants "failed to adequately monitor then foreseeable and/or existing weather and ocean conditions" and exposed Plaintiff and the other divers to an "unreasonable risk of harm." [Id. at ¶ 19.] In addition, Plaintiff states that Defendants "failed to adequately monitor" the divers, and did not adhere to the "applicable standards of care, training, custom and procedure, required by": the circumstances; the United States Coast Guard; the State of Hawai`i, Department of Land and Natural Resources, Division of Boating and Ocean Recreation; Hawai`i Administrative Rules, Title 13; and Plaintiff's expectations. [Id. at ¶¶ 20-21.] Plaintiff argues that Defendants acted with "reckless disregard" for her rights, and that they were "grossly negligent." [Id. at ¶ 25.] As a result of Defendants' actions, Plaintiff alleges that she

2

"suffered severe and permanent physical injury and suffering, mental distress and impairment, psychological damage, loss of wage [sic], impairment of earning capacity, diminution of enjoyment of life's activities, expenses incurred for treatment of injuries," and other damages.  [Id. at ¶ 26.]  Plaintiff seeks:  damages; attorneys' fees and costs; prejudgment and post-judgment interest; and any further relief to which she is entitled.  [Id. at pg. 7.]

On May 5, 2016, Bartunek filed a Supplemental Statement in Support of Notice of Removal Filed on May 2, 2016 ("Supplemental Statement").  [Dkt. no. 6.]  On June 24, 2016, Neal, Molokini, and Scuba Shack filed a Consent to Removal ("Consent"), and joined in Bartunek's Notice of Removal and the Supplemental Statement.  [Dkt. no. 20.]  Plaintiff filed a document titled "Opposition to Consent to Removal by Defendants Charles C. Neal, Molokini Divers, Inc., and Nealco International, LLC; Request to Strike Consent" on July 1, 2016.  [Dkt. no. 21.]

## STANDARD

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal district courts also have jurisdiction:

> **(a)** . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

28 U.S.C. § 1441 provides a mechanism through which defendants may remove a case filed in state court to federal district court, if the court would otherwise have jurisdiction:

> **(a) Generally.** – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship. –** **(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served

4

as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

Alternatively, 28 U.S.C. § 1447 provides a mechanism for remanding a case back to state court if a party wrongfully or improperly removes a case.  It states, in pertinent part:

> **(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

This district court has stated:

> "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" <u>Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.</u>, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting <u>Luther v. Countrywide Home Loans Servicing LP</u>, 533 F.3d 1031, 1034 (9th Cir. 2008)).  Thus, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting

> <u>Abrego Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 684
> (9th Cir. 2006)) (alterations in original).  This
> "'strong presumption against removal jurisdiction
> means that the defendant always has the burden of
> establishing that removal is proper,' and that the
> court resolves all ambiguity in favor of remand to
> state court." <u>Id.</u> (quoting <u>Gaus v. Miles, Inc.</u>,
> 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

<u>U.S. Bank, Nat'l Ass'n v. Mizukami</u>, CIVIL NO. 15-00523 JMS-BMK,

2016 WL 632195, at *2 (D. Hawai`i Feb. 17, 2016).

**DISCUSSION**

**I.   <u>Request for Joinder</u>**

   Rule 7.9 of the Local Rules of Practice for the United

States District Court for the District of Hawai`i states, in

pertinent part:

> Except with leave of court based on good cause,
> any substantive joinder in a motion or opposition
> must be filed and served within (7) days of the
> filing of the motion or opposition joined in.
> "Substantive joinder" means a joinder based on a
> memorandum supplementing the motion or opposition
> joined in.  If a party seeks the same relief
> sought by the movant for himself, herself, or
> itself, the joinder shall clearly state that it
> seeks such relief so that it is clear that the
> joinder does not simply seek relief for the
> original movant.  A joinder of simple agreement
> may be field at any time.  A separate opposition
> or reply complying with LR7.5 may be filed in
> response to a substantive joinder in a motion or
> opposition, respectively.  No substantive joinder
> in a reply may be filed; a party that has joined
> in a motion may file its own reply (as opposed to
> a joinder in the movant's reply) by the reply
> deadline only if the opposition has addressed
> matters unique to that joining party.  Joinders in
> motions must specifically identify the pending
> motion by docket number to which the joinder
> applies.

The Joinder at issue does not include a memorandum.  The Joinder is therefore CONSTRUED as a joinder of simple agreement, and is GRANTED.

## II.  **Motion to Remand**

### A.  **Forum Defendant Rule**

Section 1441(b)(2) is often referred to as the forum defendant rule.  See, e.g., Watanabe v. Lankford, 684 F. Supp. 2d 1210, 1215-16 (D. Hawai`i 2010) (discussing the origin and application of the forum defendant rule).  The Ninth Circuit has explained that, "[s]eparate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."  Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006).[1]  Here, it is uncontested that Scuba Shack, Neal, and Molokini are all citizens of Hawai`i.[2]  See First Amended Complaint at ¶¶ 2-4.

---

[1] In Lively, the Ninth Circuit considered a district court's remand of a case for violation of the forum defendant rule after the thirty-day deadline set forth in § 1447(c).  456 F.3d at 936-37.  The Ninth Circuit held that the forum defendant rule "is a procedural, or non-jurisdictional rule.  Our holding is compelled by a close analysis of the legislative history of § 1447(c), the policy rational of § 1441(b), the prevailing law of our sister circuits, and Supreme Court precedent."  Id. at 939 (footnote omitted).  Here, the parties do not dispute that the Motion was filed within thirty days of the Notice of Removal.

[2] In Watanabe, this district court concluded that "[t]he Court should interpret the 'and served' portion of § 1441(b) in a consistent manner and rule that the service of an in-forum
(continued...)

The Court therefore CONCLUDES that, pursuant to the forum defendant rule, the instant case was not removable based on diversity jurisdiction.

**B.    Unanimity Requirement**

For the sake of completeness, the Court will address the issues related to consent to removal in the instant matter. Plaintiff states that Defendants failed to comply with § 1446(b)(2)(A), which requires all served defendants to consent to removal. [Mem. in Supp. of Motion at 2-3.] The Court agrees. The Ninth Circuit has stated:

> The so-called "rule of unanimity," announced by the Supreme Court in Chicago, Rock Island, & Pacific Railway Co. v. Martin, 178 U.S. 245, 248, 20 S. Ct. 854, 44 L. Ed. 1055 (1900), as an interpretation of a predecessor removal statute, merely says that "all the defendants must join in the application" for removal. See also Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citing Chicago only for the proposition that "removal requires the consent of all defendants"). Chicago does not specify **how** defendants must join in removal. Nor does any federal rule or statute specifically prescribe a particular manner in which codefendants' joinder must be expressed. In the absence of any rule governing joinder in removal, we turn to the general principles that govern procedures for removal and for attorney representations to district courts generally. . . .

---

[2](...continued)
defendant after removal does not invoke the forum defendant rule." 684 F. Supp. 2d at 1219. The Defendants do not contend, however, that Bartunek removed the instant case before the other defendants were served.

> Applying these general principles, we
> conclude that the filing of a notice of removal
> can be effective without individual consent
> documents on behalf of each defendant.  One
> defendant's timely removal notice containing an
> averment of the other defendants' consent and
> signed by an attorney of record is sufficient.

Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th

Cir. 2009) (emphasis in Proctor).  "The removing party has the

burden of affirmatively explaining the absence of any co-

defendants in the event that fewer than all co-defendants have

joined in a removal action."  Hafiz v. Greenpoint Mortg. Funding,

Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. July 16, 2009).  The

district court in Hafiz also noted that, "all defendants must

either join or provide within thirty days consent to the removal

notice."  Id. (citing 28 U.S.C. 1447(c)).  "Failure to comply

with the thirty-day time limitation or the unanimity requirement

renders the removal procedurally defective."  Wilburn v. Bracher,

No. 2:15-cv-00699-TLN-GGH, 2015 WL 6163575, at *5 (E.D. Cal. Oct.

19, 2015) (citing Emrich v. Touche Ross & Co., 846 F.2d 1190,

1193 n.1 (9th Cir. 1988)).

Here, Bartunek filed the Notice of Removal on May 2,

2016, and Neal, Scuba Shack, and Molokini did not file the

Consent until June 24, 2016.  Bartunek did not provide any

explanation for his co-defendants' absence in the Notice of

Removal, and Neal, Scuba Shack, and Molokini similarly failed to

explain the delay in their consent to removal in the Consent.  In

9

addition, the Consent was filed well over thirty days after the Notice of Removal.  The Court FINDS that the Notice of Removal was not unanimous, and, thus, even if Defendants had a legally sound basis for removal aside from diversity of citizenship, the Notice of Removal was procedurally defective.[3]  See, e.g., Walker v. Cal. Dep't of Corr., No. 2:09-cv-0569-KJN P, 2010 WL 1006417, at *3 (E.D. Cal. Mar. 17, 2010), report and recommendation adopted sub nom., No. 2:09-cv-0569 WBS KJN (PC), 2010 WL 2089351 (E.D. Cal. May 21, 2010) ("Untimely consent does not cure a removal defective for lack of unanimity." (citations omitted)).

## C.   Original Jurisdiction and Maritime Claims

The Supplemental Statement presents two additional arguments for the Court's jurisdiction over this case:  (1) there are two other cases before this district court related to the same series of events;[4] and (2) the Court has original

---

[3] It is well-established that "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment."  Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011) (citing Soliman v. Philip Morris Inc., 311 F.3d 966, 970 (9th Cir. 2002)).  However, in both Destfino and Soliman, the petitioner was appealing a final judgment.  See Destfino, 630 F.3d at 954; Soliman, 311 F.3d at 970.

[4] The two cases are:  Strickert v. Neal, CV 14-00513 DKW-RLP; and Osaki v. Neal, CV 15-00409 DKW-RLP.  These two cases were consolidated for pretrial purposes.  See CV 14-00513, dkt. no. 96 (Order Consolidating Civil No. 14-00513 DKW-RLP and Civil No. 15-00409 DKW-RLP for Pretrial Purposes).

jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

§ 1333.  [Suppl. Statement at 2.]  The Court will address each of

these arguments in turn, starting with the second one.

    1.   **The "Saving to Suitors" Clause**

    Other district courts in the Ninth Circuit have

explored the history of § 1333:

> In order for a lower federal court to
> exercise subject matter jurisdiction there must be
> both a constitutional and a statutory basis of
> jurisdiction.  <u>See</u> <u>The Mayor v. Cooper</u>, 73 U.S. (6
> Wall.) 247, 252, 18 L. Ed 851 (1868); <u>Sheldon v.
> Sill</u>, 49 U.S. 441, 442, 8 How. 441, 12 L. Ed. 1147
> (1850).  Article III, Section 2 of the United
> States Constitution vests federal courts with
> jurisdiction over "all cases of admiralty and
> maritime jurisdiction."  U.S. Const. art. III,
> § 2.  Section 9 of the Judiciary Act of 1789
> originally codified this grant of jurisdiction as
> follows:
>
> > That the district courts shall have,
> > exclusively of the courts of the several
> > States . . . exclusive original cognizance of
> > all civil causes of admiralty and maritime
> > jurisdiction . . . within their respective
> > districts as well as upon the high seas;
> > **saving to suitors, in all cases, the right of
> > a common law remedy, where the common law is
> > competent to give it.**
>
> Ch. 20, § 9, 1 Stat. 76-77 (emphasis added).
>
> The highlighted portion is known as the
> "saving to suitors" clause.  Congress has revised
> the language of this clause over the years, but
> the substance has remained largely unchanged.
> <u>Lewis v. Lewis & Clark Marine, Inc.</u>, 531 U.S. 438,
> 443-44, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001)
> (citing various revisions of the statute).  The
> statute now states:  "The district courts shall
> have original jurisdiction, exclusive of the
> courts of the States, of . . . any civil case of

admiralty or maritime jurisdiction, **saving to suitors in all cases all other remedies to which they are otherwise entitled.**" 28 U.S.C § 1333 (2012) (emphasis added).

The [United States] Supreme Court has interpreted this clause as preserving to maritime litigants "all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved." <u>Lewis</u>, 531 U.S. at 455, 121 S. Ct. 993 (citing <u>Red Cross Line v. Atlantic Fruit Co.</u>, 264 U.S. 109, 44 S. Ct. 274, 68 L. Ed. 582 (1924)). I[n] short, the clause reserves to plaintiffs all remedies traditionally available at common law via in personam proceedings. <u>Id.</u> As a result, federal courts' admiralty jurisdiction "is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." <u>Madruga v. Superior Court of State of Cal. in & for San Diego Cnty.</u>, 346 U.S. 556, 560-61, 74 S. Ct. 298, 98 L. Ed. 290 (1954); <u>see also</u> <u>Am. Dredging Co. v. Miller</u>, 510 U.S. 443, 446-47, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994) ("an *in rem* suit against a vessel is . . . distinctively an admiralty proceeding, and is hence within the exclusive province of the federal courts."). State courts remain "competent to adjudicate maritime causes of action in proceedings in personam, that is, where the defendant is a person, not a ship or some other instrument of navigation." <u>Madruga</u>, 346 U.S. at 561, 74 S. Ct. 298 (internal punctuation omitted).

<u>Coronel v. AK Victory</u>, 1 F. Supp. 3d 1175, 1181 (W.D. Wash. 2014)

(some alterations in <u>Coronel</u>).

**2.   2011 Amendments to § 1441**

Prior to 2011, § 1441 read, in relevant part:

**Actions removable generally**

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

In December 2011, the United States Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Publ. L. No. 112-63, § 103, 125 Stat. 758, 759 (2011), which amended § 1441 such that (a) and (b) now read:

**Removal of civil actions**

(a) GENERALLY. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) REMOVAL BASED ON DIVERSITY OF CITIZENSHIP. – (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2) A civil action otherwise removable solely
> on the basis of the jurisdiction under section
> 1332(a) of this title may not be removed if any of
> the parties in interest properly joined and served
> as defendants is a citizen of the State in which
> such action is brought.

### 3.   The 2011 Amendments and the Fifth Circuit

In Ryan v. Hercules Offshore, Inc., the Southern

District of Texas concluded that the amendments to § 1441 allow

for the removal of all admiralty claims to federal district

courts.  945 F. Supp. 772, 778-79 (S.D. Tex. 2013).

Specifically, the district court in Ryan explained that in both

In re Dutile, 935 F.2d 61 (5th Cir. 1991), and Tennessee Gas

Pipeline v. Houston Casualty Insurance Co., 87 F.3d 150 (5th Cir.

1996), the Fifth Circuit relied upon specific language in the

former version of § 1441 to foreclose removal of admiralty claims

absent diversity jurisdiction.  Id. at 775-76.  In Dutile, the

Fifth Circuit cited Romero v. International Terminal Operating

Co., 358 U.S. 354, 378 (1959),[5] in concluding that, while

§ 1441(a) allowed for removal of cases over which federal

district court's had original jurisdiction "[e]xcept as otherwise

expressly provided by Act of Congress," § 1441(b) allowed only

---

[5] In Romero, the Supreme Court held that "the historic
option of a maritime suitor pursuing a common-law remedy to
select his forum, state or federal, would be taken away by an
expanded view of [§] 1331, since saving-clause actions would then
be freely removable under [§] 1441 of Title 28, 28 U.S.C.A.
[§] 1441."  358 U.S. at 371-72.  Romero was superseded by statute
on other grounds, as recognized in Miles v. Apex Marine Corp.,
498 U.S. 19 (1990).

for removal of actions "founded on a claim or right arising under the Constitution, treaties or laws of the United States."  935 F.2d at 62-63 (internal quotation marks omitted).  Because under Romero, "claims in admiralty, whether designated in rem or in personam, do **not** fall within this category," admiralty cases could only be removed if there was complete diversity.  Id. at 63 (emphasis in Dutile) (citation omitted).  Similarly, in Tennessee Gas, the Fifth Circuit reiterated that federal courts did not have jurisdiction over admiralty claims because they did "not arise under the Constitution, treaties or laws of the United States."  87 F.3d at 153 (alterations, footnote, and internal quotation marks omitted).  However, in Tennessee Gas, the Fifth Circuit held that a separate federal statute, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq., provided "alternative grounds for original jurisdiction."  Id.

Because the amended version of § 1441(b) removed the language relied upon in these cases, the district court in Ryan concluded that "[s]ection 1441(b) . . . is no longer an 'Act of Congress' prohibiting that exercise in admiralty cases involving non-diverse parties.  Instead, Congress expects courts to look to the new version of section 1441(b) only when ascertaining removability of cases removed on the basis of diversity."  Ryan, 945 F. Supp. 2d at 777-78.  The district court continued:

> Plaintiffs argue that maritime claims cannot be
> removed pursuant to section 1441(a) because they

15

do not arise under the Constitution, treaties, or
laws of the United States.  However, neither the
prior version nor the new version of section
1441(a) refers to claims that arise under the
Constitution, treaties or laws of the United
States.  This reference was found in the previous
version of section 1441(b).  Both versions of
section 1441(a) refer to **original** jurisdiction,
and federal district courts have "original
jurisdiction" over "[a]ny civil case of admiralty
or maritime jurisdiction, saving to suitors in all
cases all other remedies to which they are
otherwise entitled."  28 U.S.C. § 1331(1).

Id. at 778 (alteration and emphasis in original) (some citations

omitted).

Other district courts in the Fifth Circuit disagreed

with the district court's conclusion in Ryan.  The Western

District of Louisiana noted, "[c]ourts in the Eastern and Western

Districts of Louisiana and in the Southern and Eastern district

of Texas have held that the 2011 amendments did not change the

Fifth Circuit's longstanding rule that maritime claims are not

removable absent a basis of jurisdiction outside of admiralty,"

but that "the Middle District of Louisiana and other courts in

the same Texas district in which Ryan was decided have followed

Ryan, holding that the 2011 amendment makes these cases

removable."[6]  Boudreaux v. Global Offshore Res., LLC, Civil

Action No. 14-2507, 2015 WL 419002, at *3-4 (W.D. La. Jan. 30,

2015) (collecting cases).

---

[6] The Court was unable to find any district courts outside
of the Fifth Circuit that have agreed with the district court in
Ryan on this issue.

### 4.   The 2011 Amendments and the Ninth Circuit

To date, the Ninth Circuit has not addressed whether the 2011 amendments to § 1441 allow for federal district courts to assert original jurisdiction over all admiralty and maritime claims.  Other district courts in the Ninth Circuit, however, have closely considered and rejected the conclusions reached by the district court in Ryan.[7]  In Coronel v. AK Victory, the Western District of Washington stated:

> . . . [T]hroughout the history of federal admiralty jurisdiction – from the Judiciary Act of 1789 through Romero and up to the present – courts have given no indication that maritime claims are cognizable on the law side of federal courts absent subject matter jurisdiction independent of 28 U.S.C. § 1333.
>
> Turning to Plaintiff's claims, Section 1441(a) only permits removal of civil actions of which the district courts have "original jurisdiction."  28 U.S.C. § 1441(a).  By definition, a party cannot bring a claim in admiralty in state court.  See Barker [v. Hercules Offshore, Inc.], 713 F.3d [208,] 222 [(5th Cir. 2013)] ("[A]dmiralty jurisdiction is not present in this suit because Barker filed in state court, therefore invoking the saving-to-suitors exception to original admiralty jurisdiction."); Linton v.

_____

[7] This district court has not squarely addressed this matter.  In Unterberg v. Exxon Mobil Corp., this district court observed that, after the 2011 amendments to § 1441(b), "some district courts have concluded that defendants may now remove admiralty or maritime claims (despite the saving to suitor's clause) based on a federal court's 'original jurisdiction.'" 2014 A.M.C. 1950, 1957–58 (D. Hawai`i 2014) (citations omitted).  The district court in Unterberg concluded that it did not need to address the issue because the case concerned 28 U.S.C. § 1445(a), which was clearly not altered by the 2011 amendments.  Id. at 1958.

> Great Lakes Dredge & Dock Co., 964 F.2d 1480, 1487
> (5th Cir. 1992) ("Because admiralty jurisdiction
> is exclusively federal, a true 'admiralty' claim
> is never cognizable in state court.")[.]  As such,
> Plaintiff's claims for unseaworthiness,
> maintenance, cure, and lost wages filed in
> Washington state court are necessarily brought at
> law, not in admiralty.
>
> But this court would not have had original
> jurisdiction over these claims at law had they
> initially been filed in federal court.  As
> discussed above, 28 U.S.C. § 1333 alone does not
> provide federal subject matter jurisdiction over
> maritime claims on the law side of the court.
> See Romero, 358 U.S. at 369, 79 S. Ct. 468; Ghotra
> by Ghotra [v. Bandila Shipping, Inc.], 113 F.3d
> [1050,] 1054-55 [(9th Cir. 1997)]; Queen Victoria
> [Corp. v. Ins. Specialists of Haw., Inc.], 694 F.
> Supp. [1480,] 1483 [(D. Haw. 1988)].  The mere
> fact that these claims implicate general maritime
> law does not establish federal question
> jurisdiction under 28 U.S.C. § 1331.  Romero, 358
> U.S. at 386, 79 S. Ct. 468.

1 F. Supp. 3d at 1187 (some alterations in Coronel).  The

District of Alaska reached a similar conclusion:

> This Court recognizes that the 2011
> amendments to 28 U.S.C. § 1441 removed language
> which required diversity for removal of claims not
> based in federal law.  However, while the amended
> § 1441 may have removed restrictive conditions,
> removal based on admiralty jurisdiction is still
> limited by the statutory grant of original
> jurisdiction in 28 U.S.C. § 1333.  "'The threshold
> requirement for removal under 28 U.S.C. § 1441 is
> a finding that the complaint contains a cause of
> action that is within the original jurisdiction of
> the district court.'"  [Hunter v. Philip Morris
> USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting
> Ansley v. Ameriquest Mortgage Co., 340 F.3d 858,
> 861 (9th Cir. 2003)).]  The Court finds the
> "saving to suitors" clause in the grant of
> original jurisdiction under 28 U.S.C. § 1333 to be
> dispositive in this matter.

<u>Bartman v. Burrece</u>, No. 3:14-CV-0080-RRB, 2014 WL 4096226, at *3 (D. Alaska Aug. 18, 2014) (footnote omitted).

In short, the "saving to suitors" clause reinforces the tenet that the plaintiff has the right to choose the remedies sought in the lawsuit.  The Court agrees with the other district courts in the Ninth Circuit, and CONCLUDES that, even considering the 2011 amendments to § 1441, common law maritime claims are not removable to federal district court absent separate grounds for jurisdiction.

### 5. <u>Related Cases in this District Court</u>

Bartunek also argues that, "the very fact that 2 out of the 3 cases arising out of the same diving excursion are before this Court reconfirms that this Court has 'original' jurisdiction of this case." [Mem. in Opp. at 3.]  The Court does not dispute that Plaintiff could have filed her case in federal court based on diversity jurisdiction.  Plaintiff, however, chose to file her case in state court and take advantage of the forum defendant rule.  While Bartunek repeatedly cites to two other cases before this district court that arise from the same series of events as somehow bestowing the Court with jurisdiction over this case, he does not cite any authority to support his position, and the Court does not know of any.  As the district court in <u>Coronel</u> explained:

> Of course, this court could have exercised
> original jurisdiction over Plaintiff's claims in

19

admiralty had they been so filed.  See 28 U.S.C.
§ 1333 (2012).  The argument can be made that
therefore Plaintiff's claims are now removable to
the admiralty side of the court.  However, such a
result would vitiate the saving to suitors clause,
which saves to plaintiffs the ability to proceed
on their claims at law, instead of in admiralty.
See Lewis, 531 U.S. at 445, 121 S. Ct. 993;
Wilmington Trust [v. U.S. Dist. Court for Dist. of
Hawaii], 934 F.2d [1026,] 1029 [(9th Cir. 1991)].
Not only would removal interfere with the balance
of judicial power between federal and state courts
upheld in Romero, but it would deprive the
plaintiff of his long-recognized choice of
remedies, including, potentially, his right to a
jury trial.  See J.J. Ryan & Sons [Inc. v. Cont'l
Ins. Co.], 369 F. Supp. [692,] 696 [(D.S.C.
1974)]; Ghotra by Ghotra, 113 F.3d at 1055-56.

1 F. Supp. 3d at 1188 (footnote omitted).

The Court CONCLUDES that it does not have original

jurisdiction over the instant matter.  In addition, the Court has

already concluded that it does not have jurisdiction over this

matter based on diversity of citizenship.  Because Defendants

have not provided any sufficient basis for jurisdiction, the

Motion is HEREBY GRANTED.

D.   **Payment of Costs and Expenses under § 1447(c)**

Plaintiff argues that he is entitled to the costs of

filing the Motion because Bartunek "had no objectively proper

basis for removing in the first place."[8]  [Mem. in Supp. of

Motion at 20.]  He argues that Bartunek improperly removed the

---

[8] Bartunek argues that Plaintiff is not entitled to Fed. R.
Civ. P. 11 sanctions.  See Mem. in Opp. at 9-12.  Plaintiff,
however, seeks costs and expenses pursuant to § 1447(c), not Rule
11.

case without unanimous consent from all of the parties and in
violation of the forum defendant rule, and he filed the
Supplemental Statement stating his position that the Court had
original jurisdiction over Plaintiff's common law maritime claim
even after a series of emails between Plaintiff's counsel and
others informed him that this was not true.  [Id. at 16-20.]

This district court has considered when a court should
award attorneys' fees if it remands a case back to a state court:

> When a federal court remands a case, it "may
> require payment of just costs and any actual
> expenses, including attorney fees, incurred as a
> result of the removal." 28 U.S.C. § 1447(c).  The
> United States Supreme Court has stated that:
> "Absent unusual circumstances, courts may award
> attorney's fees under § 1447(c) only where the
> removing party lacked an objectively reasonable
> basis for seeking removal.  Conversely, when an
> objectively reasonable basis exists, fees should
> be denied." Martin v. Franklin Capital Corp., 546
> U.S. 132, 141 (2005) (citations omitted).  The
> district court retains discretion to determine
> whether a given case presents unusual
> circumstances that warrant a departure from this
> rule.  Id.  The Martin Court also instructed that
>
>> The appropriate test for awarding fees under
>> § 1447(c) should recognize the desire to
>> deter removals sought for the purpose of
>> prolonging litigation and imposing costs on
>> the opposing party, while not undermining
>> Congress' basic decision to afford defendants
>> a right to remove as a general matter, when
>> the statutory criteria are satisfied.
>
> Id. at 140.

US Bank Nat'l Ass'n v. Taylor, No. CV 15-00018 DKW-KSC, 2015 WL
1057119, at *3-4 (D. Hawai`i Mar. 10, 2015); see also Martin v.

21

Hawaiian Airlines, Inc., No. CV 15-00044 SOM-RLP, 2015 WL
1823010, at *1 (D. Hawai`i Apr. 21, 2015) ("On remand, a court
'may require payment of just costs and any actual expenses,
including attorney's fees, incurred as a result of the removal,'
see 28 U.S.C. § 1447(c), if the removing party had no
'objectively reasonable basis for removal.'" (citing Patel v. Del
Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006))).

          Here, it cannot be said that Bartunek "lacked an
objectively reasonable basis for seeking removal."  See U.S. Bank
Nat'l Ass'n, 2015 WL 1057119, at *3 (citation and internal
quotation marks omitted).  Bartunek sought removal based on
diversity, which, given the forum defendant rule, was not proper
in the instant matter.  However, Bartunek also sought to remove
the case based upon maritime jurisdiction and recent changes to
the removal statute itself.  While the Court has concluded that
these changes do not allow for removal of common law maritime
claims absent a separate basis for jurisdiction, other district
courts have found otherwise.  Further, neither the Ninth Circuit
nor the Supreme Court have addressed this issue.  The Court
cannot say that the Notice of Removal lacked any reasonable
basis.  Plaintiff's request for costs and expenses sought
pursuant to § 1447(c) is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiff Jennifer Barglowski's 28 U.S.C. 1447(c) Verified Motion to Remand to Second Circuit Court, State of Hawaii, filed on May 31, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Court HEREBY REMANDS this action to the State of Hawai`i Second Circuit Court. The Court DIRECTS the Clerk's Office to transmit a certified copy of this order to the clerk of the Second Circuit.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 20, 2016.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JENNIFER BARGLOWSKI VS. NEALCO INTERNATIONAL LLC, ET AL.; CIVIL 16-00209 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S 28 U.S.C. 1447(C) VERIFIED MOTION TO REMAND TO SECOND CIRCUIT COURT, STATE OF HAWAII**